427 So.2d 590 (1983)
PRIMARY COLOR LABORATORY, INC.
v.
Greg FOX d/b/a Greg Fox Production.
No. 5-409.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
*591 Mollere, Flanagan & Arceneaux, Nelson E. Rivers, Metairie, for plaintiff-appellee.
William Noland, New Orleans, for defendant-appellant.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This appeal concerns a motion for summary judgment granted to plaintiff, Primary Color Laboratory, Inc., in a suit on an open account against defendant, Greg Fox d/b/a Greg Fox Production. We affirm. The sole issue is whether there is a genuine issue of material fact remaining after a consideration of the evidence introduced in support of the motion for summary judgment.

FACTS
On May 28, 1981 plaintiff filed a suit on an open account alleging defendant, Greg Fox d/b/a Greg Fox Production, was indebted to plaintiff for $920.50. Defendant filed an answer as Greg Fox d/b/a Greg Fox Production denying the allegations in the original petition. Plaintiff then filed a motion for summary judgment. At the hearing of this motion plaintiff presented an affidavit in which the bookkeeper of Primary Color Laboratory, Inc. made sworn statements based on her personal knowledge that Greg Fox d/b/a Greg Fox Production was indebted to Primary Color Laboratory, Inc. for $858.56; attached invoices showed the account was designated as Greg Fox Production. Defendant failed to respond to plaintiff's summary judgment motion. After review of the affidavit and attached invoices, the trial court granted summary judgment in favor of Primary Color Laboratory, Inc. against defendant Greg Fox d/b/a Greg Fox Production for the sum of $858.56 together with legal interest, $400 attorneys fees, and all costs.
Defendant argues that the trial court erred in granting the summary judgment contending the documents introduced by plaintiff are not sufficient to resolve all material issues, and, therefore, under La.C. C.P. art. 966, a summary judgment was improper. More specifically, defendant argues that a material issue of fact exists as to whether Greg Fox Production, a Louisiana corporation, is liable to plaintiff or whether Greg Fox is personally liable on this debt. Defendant claims that the invoices are made out to Greg Fox Production and not to him personally and that there is insufficient proof that Greg Fox and Greg Fox Production are the same entity; therefore, the mover, plaintiff, did not carry its burden of resolving all material fact issues. We disagree.

SUMMARY JUDGMENT
La.C.C.P. art. 966 states that a motion for summary judgment shall be rendered if the pleadings, dispositions, answers to interrogatories and admissions on file, together *592 with the affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Importantly, La.C.C.P. art. 967 states in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or ab otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
According to Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La. 1980), on motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues, and if they are not sufficient, summary judgment must be denied. Sanders explains that if they are sufficient, the burden then shifts to the opposing party to present evidence showing there are material facts at issue.
Applying these principles, we find that plaintiff presented sufficient evidence by its affidavit and attached invoices indicating that Greg Fox d/b/a Greg Fox Production is indebted to Primary Color Laboratory, Inc. for $858.56. Plaintiff sued Greg Fox "d/b/a Greg Fox Production." Plaintiff's affidavit contains a sworn statement by its bookkeeper that Greg Fox doing business as Greg Fox Production is indebted to plaintiff. The attached invoices show debts of Greg Fox Production owed for photographic processing and products. The use of d/b/a in this context means that Greg Fox and Greg Fox Production are the same entity. See, Krawfish Kitchen Restaurant, Inc. v. Ardoin, 396 So.2d 990, 993 (La.App. 3d Cir.1981). At the hearing on the motion for summary judgment defendant did not come forth with evidence that Greg Fox and Greg Fox Production were not the same entity. Only in his motion for new trial did defendant raise the issue of the incorporation of Greg Fox Production. Therefore, under La.C.C.P. art. 967, the trial court's granting of the summary judgment based upon plaintiff's pleadings and supporting affidavit and documents was appropriate.
For the above reasons, we affirm the trial court's granting of the summary judgment and assess costs of this appeal to defendant Greg Fox d/b/a Greg Fox Production.
AFFIRMED.