BOUTALL, Judge.
This is an appeal by defendant Greg Fox from a money judgment against him on a past due account.
Plaintiff LaDel, Inc. filed suit against “Greg Fox, d/b/a Greg Fox Productions”, for $7,931.09, which LaDel alleged was due for goods and services on an open account. Fox does not dispute the account per se but contends that it was not his obligation but the obligation of another entity, Greg Fox Productions, Inc., and not for the use and benefit of Greg Fox personally. The trial judge rendered judgment against Fox personally for the full account, and we affirm.
The account consisted of sales of services and materials from LaDel to Fox beginning in 1979 forward. The invoices were stipulated to and there is no issue concerning the amount. They are addressed to “Greg Fox Productions.” Greg Fox insists that the business was actually done with “Greg Fox Productions, Inc.,” a corporation organized by him on January 19, 1979, which transacted the business at issue in this suit.
Plaintiff produced its secretary-treasurer, Jacqueline Lala, who testified that Greg Fox had done business with plaintiff beginning in 1977 as an individual, and that Fox sought to resume business relationship with them in 1979. Ms. Lala testified that when she inquired of Fox as to a credit application to do business, she asked if everything was the same as when they had done business before and was assured by Fox that it was and that he was acting in his own individual business. The credit application was marked as one for an individual. There was no disclosure to plaintiff that Greg Fox was now acting as agent for a corporation. Although Greg Fox denies a number of the allegations made by the witness against him, it is apparent that the trial judge ruled against him on the question of credibility, and after considering his testimony, we are led to a similar assessment of credibility.
In addition to the testimony, the documentary evidence supports a conclusion that plaintiff is correct. As noted above, the invoices were not in the corporate name, but simply that of Greg Fox Productions. Of course, the plaintiff prepared the invoices and so the weight given those may be somewhat lessened. More importantly, we note that the bank accounts and the checks of Fox during this period were not *1301 in the corporate name and that the letters received from Fox show no corporate name, nor is Fox’s signature ever supported by an identification such as president, etc.[1]
We do not consider this as a case of piecing the corporate veil in order to impose liability upon one of the officers. The plain facts are that this plaintiff did business with Greg Fox without its ever being aware that a corporation entitled Greg Fox Productions, Inc. was ever in operation. The trial judge found Greg Fox to be doing business individually and cast him in judgment in that capacity. We believe the evidence enumerated above amply supports that conclusion, and we affirm at appellant’s costs.
AFFIRMED.
BOWES, J., dissents.

. As an interesting side light to this case, we note the case of Primary Color Laboratory, Inc. v. Greg Fox Production, 427 So.2d 590 (La.App. 5th Cir.1983).