CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “B”, Parish of Jefferson, wherein the Honorable Frank V. Zacearía granted plaintiff’s motion for summary judgment casting defendant, North River Insurance Company, liable for plaintiff’s worker’s compensation benefits.
On August 7, 1980, Nathaniel Christoff was employed by Bergeron Industries, Inc. as a welder engaged in the construction of a barge. As a result of an accident which occurred at his workplace, Christoff sustained a comminuted fracture of his right patella; and on August 14, 1980, Dr. Alain F. Cracco performed a right patellectomy.
Christoff received compensation benefits pursuant to the Longshore and Harbor Workers’ Compensation Act. These benefits were terminated, however, around July 10, 1983, pursuant to 33 U.S.C. § 908(c)(2) of the Longshore and Harbor Workers’ Compensation Act. In addition, pursuant to 33 U.S.C. § 905(b) of the same act, he filed suit against his employer, Bergeron Industries, Inc., for his injuries.
The case was tried before the Honorable Henry A. Mentz, Jr., United States District Court for the Eastern District of Louisiana, on November 4th and 5th, 1982. On April 14, 1983, the district court filed findings of fact and conclusions of law and entered its judgment on April 15, 1983.
An appeal was filed by plaintiff and a cross-appeal was filed by Bergeron Industries, Inc. On December 10, 1984, 748 F.2d 297, the United States Court of Appeal for the Fifth Circuit reversed the district court’s judgment in favor of plaintiff; and, further, remanded with instructions to dismiss the lawsuit for want of jurisdiction.
On May 14, 1984, Christoff filed a petition for worker’s compensation benefits and attorneys’ fees and penalties in the Twenty-Fourth Judicial District Court, Parish of Jefferson. On June 20, 1984, Ber-geron Industries, Inc. filed a notice of automatic stay notifying the court and all parties to the proceeding that on November 9, *1001 1983, it filed in the United States Bankruptcy Court, Eastern District of Louisiana, a petition for reorganization under Chapter 11 of the Bankruptcy Code.
On June 22, 1984, Bergeron Industries, Inc. (Bergeron) and North River Insurance Company (North River) filed an answer to plaintiff’s petition for worker’s compensation benefits, attorneys’ fees and .penalties. In their answer, defendants denied plaintiff’s entitlement to total and permanent disability benefits. They also raised the affirmative defense of prescription and further urged that plaintiff’s claim for State worker’s compensation benefits were effectively barred on the grounds that he had already elected the Longshore and Harbor Workers’ Compensation Act as the forum in which to adjudicate said claims; and, particularly, had elected*to exercise his right to adjudicate his cause of action in tort pursuant to 33 U.S.C. § 905(b) of the Longshore and Harbor Workers’ Compensation Act.
In addition to answering plaintiff’s petition, Bergeron and North River also propounded interrogatories and a request for production of documents. These requests were propounded for the express purpose of developing factual information concerning plaintiff’s medical condition and vocational status as the last information contained in defendants’ file had been submitted at the time of the Federal trial more than two years earlier.
Instead of answering defendants’ discovery requests, plaintiff, on August 3, 1984, filed a motion for summary judgment on the issue of plaintiff’s entitlement to worker’s compensation benefits for permanent and total disability; and further filed a motion for summary judgment for attorneys’ fees and penalties for failure to pay compensation benefits. In support of his motion for summary judgment, plaintiff relied upon testimony which had been given on November 4 and 5, 1982, at the trial of plaintiff’s 33 U.S.C. § 905(b) tort claim in federal court; and, based upon said testimony, argued that “it is beyond question that Nathaniel Christoff is totally and permanently disabled under the ‘odd-lot’ doctrine.” In addition, plaintiff submitted an affidavit which only stated that he has not received any weekly compensation benefits since July, 1983, and that he has not been employed in any capacity since that time.
On September 28, 1984, Bergeron and North River filed memoranda in opposition to plaintiff’s motions for summary judgment. On October 5, 1984, a partial motion to dismiss without prejudice was signed dismissing Bergeron pursuant to the federally issued stay order. On October 16, 1984, defendant North River filed a supplemental memorandum in opposition to plaintiff’s motions for summary judgment.
On December 20, 1984, following a hearing, plaintiff’s motion for summary judgment was granted on the grounds that “the medical evidence produced at trial of the above said claim shows that plaintiff is a borderline retardate and practically unemployable and a perfect example of the odd-lot doctrine.” On December 28, 1984, defendant North River filed a motion for reconsideration or, alternatively, for amendment of judgment. On January 23, 1985, defendants’ motion for a new trial was denied but the judgment was amended to reflect that compensation payments had been made pursuant to the Longshore and Harbor Workers’ Compensation Act until July 10, 1983. From the judgment casting them for worker’s compensation benefits, North River now appeals asserting the following error:
“The trial court erred in granting plaintiff’s motion for summary judgment on the issue of plaintiff’s entitlement to worker’s compensation benefits for permanent and total disability.”
Appellant argues that the trial court, in granting appellee’s motion for summary judgment, expressly violated the requirements for summary judgment as stated in LSA-C.C.P. Article 966.
In his petition for worker’s compensation benefits, appellee alleged that the injuries which he sustained on or about August 7, 1980 have rendered him permanently and totally disabled and that he is, therefore, *1002 entitled to worker’s compensation benefits. Appellant expressly denied appellee’s allegations concerning permanent and total disability by answer; and, noting that ap-pellee’s petition had been filed more than one year after the date of the accident in question, raised the affirmative defense of prescription pursuant to LSA-R.S. 23:1209 of the Louisiana Worker’s Compensation Act. Appellant further denies appellee’s entitlement to compensation benefits pursuant to the State Act. Appellant argues that appellee, having sought and, further, having pursued an action in damages pursuant to Section 905(b) of that act, had, in fact, elected to seek relief under the Federal Act. Appellant concludes, therefore, that appellee is precluded from bringing the instant action by the election of remedies doctrine.
With regard to the codal requirement that depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, appellant argues that, immediately upon answering appellee’s petition, they attempted to conduct discovery by propounding interrogatories and a request for production of documents. Appellant contends the express purpose of this discovery was to provide appellant with current information concerning appellee’s medical, educational and vocational status as well as any medical or vocational changes, for better or for worse, which appellee may have undergone since November 5, 1982, the last day of appel-lee’s Federal tort trial.
However, instead of responding to appellant’s discovery requests, appellee filed his motion for summary judgment and further submitted selected testimony which was given more than two years earlier in connection with a separate and unrelated matter in support of his motion for summary judgment.
At the hearing on the motion for summary judgment, appellant argued to the trial court that the “evidence” upon which plaintiff was relying consisted of testimony which had been given more than two years earlier and that the medical and vocational information contained in the testimony was stale. Appellant further argued interrogatories were propounded and a request for production of documents was made for the specific purpose of acquiring current information concerning appellee’s medical, educational and vocational status.
The party moving for a summary judgment has the burden of showing absence of genuine issue as to any material facts; and where the trial court is presented with choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits, attached exhibits and depositions, reasonable inferences must be viewed in light most favorable to party opposing motion. LSA-C.C.P. art. 966. Burks v. Occidental Life Ins. Co. of Cal., 427 So.2d 1165 (La.1983).
Further, this court in Primary Color Laboratory, Inc. v. Fox, 427 So.2d 590, 592 (La.App. 5th Cir.1983) stated:
"... on motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues, and if they are not sufficient, summary judgment must be denied .... if they are sufficient, the burden then shifts to the opposing party to present evidence showing there are material facts at issue.”
Appellant argues that appellee, by submitting stale and improper testimony, failed to meet his burden of showing that there is no genuine issue of material fact. Appellant further urges that, had they been so permitted by the trial court, they would have undertaken discovery for the express purpose of answering the fundamental factual questions which must be resolved in order to determine appellee’s entitlement, if any, to disability benefits. Appellant contends the trial court, however, by granting appellee’s motion for summary judgment, has effectively precluded them from establishing those material facts which are essential to appellee’s cause of action effectively depriving appellant of their “day in court.”
*1003 After careful review of the record, we are in agreement with appellant and find that the attachments to appellee’s motion for summary judgment simply do not resolve all genuine issues of material facts presented by this matter.
Appellee answered appellant’s motion for appeal alleging that the appeal was frivolous and without merit requesting damages and an increase in attorney’s fees. As we have found merit in this appeal, we see no need to address this portion of ap-pellee’s case as such has been rendered moot.
Accordingly, for the above stated reasons, the judgment granting appellee’s motion for summary judgment is hereby reversed and the matter remanded for further proceedings consistent with the views expressed hereinabove. Costs are to await the final disposition.
REVERSED AND REMANDED.