595 So.2d 693 (1992)
Henry L. McELREATH, et al.,
v.
PROGRESSIVE INSURANCE COMPANY, et al.
No. 91-CA-715.
Court of Appeal of Louisiana, Fifth Circuit.
February 18, 1992.
Writ Denied April 20, 1992.
*694 Bruce C. Dean, Ward & Clesi, New Orleans, for plaintiffs-appellants, Henry L. McElreath, Amy McElreath and Marsha McElreath.
Debra F. Cottrell, Margaret Diamond, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendants-appellees, The City of Gretna, Ronald Still, Will Cambre, B.H. Miller, Jr., The Titan Holding Syndicate, Inc., Great Global Assur. Co. and The Illinois Ins. Exchange.
Jerry L. Saporito, Patricia S. LeBlanc, Metairie, for defendant-appellee, American Isuzu Motors, Inc.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Plaintiff, Henry L. McElreath, individually and as the representative of his wife, Kay Bailey McElreath, and his minor daughters, Amy McElreath and Marsha McElreath, instituted this action to recover damages following an intersectional collision in which Keith B. Johnson, the driver of a motorcycle fleeing City of Gretna police pursuit, rammed the side of an Isuzu automobile driven by Kay B. McElreath. Defendants, City of Gretna[1] and American Isuzu Motors, Inc. (AIMI), moved for summary judgment which the trial court granted. Plaintiffs appeal. We affirm in part, reverse in part and remand for further proceedings.
The accident herein sued on occurred on August 29, 1986. The undisputed facts show Officers Ronald Still and Will Cambre were patrolling northbound on La. Highway 23 (Belle Chase Highway) when they noted a motorcycle, which they ultimately learned was driven by Johnson, proceeding southbound in a reckless manner. The officers made a U-turn, turned on their emergency lights and began pursuit of the motorcycle. The officers testified Johnson came to the light at Gretna Boulevard, used the left turn lane to pass a tractor trailer truck stopped at the traffic control signal and, when clear, disregarded the red light and drove through the intersection. The officers testified Johnson accelerated at a high rate of speed in an apparent attempt to flee. The officers gave chase, testifying they attained estimated speeds of not more than 60-70 MPH due to the fact they decelerated at each traffic signal. During this approximate one and one-half mile chase which lasted less then one minute, the distance between the police car and the motorcycle increased. The officers estimated Johnson's speed was 90 MPH in a 35 MPH zone. He did not slow down at traffic signals. When he reached the Briant Street intersection, he rammed the side door of plaintiff's Isuzu automobile as she attempted to cross La. Highway 23. The officers were approximately one block back, at the Belle Meade Boulevard intersection, when the accident occurred.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Kerwin v. Nu-way Const. Service, Inc., 451 So.2d 1193 (5th Cir.1984), writ denied 457 So.2d 11. The burden of proof is on the mover to establish there are no genuine issues of material fact and this burden is a great one, as only when reasonable minds must inevitably concur is summary judgment warranted, and any doubts should be resolved in favor of trial on the merits. Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (5th Cir.1986), writ denied 497 So.2d 1013.

LIABILITY OF GRETNA DEFENDANTS
LSA-R.S. 32:24 provides:
§ 24. Emergency vehicles; exceptions

*695 A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
(1) Park or stand, irrespective of the provisions of this Chapter;
(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation;
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
(4) Disregard regulations governing the direction of movement or turning in specified directions.
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible and visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others. Acts 1962, No. 310, § 1.
Plaintiffs contend the police officers acted unreasonably in continuing a high speed chase through city streets and that the accident was a foreseeable result of their acts. Defendants contend there is no issue of material fact, thus summary judgment is appropriate.
While LSA-R.S. 32:24 allows an emergency vehicle to disregard certain traffic regulations, it does not protect the driver from the consequences of his reckless disregard for the safety of others. Thus, we must determine, on the undisputed facts before us, whether there are any genuine issues of material fact which preclude summary judgment.
The facts of the chase and accident are not in dispute. The officers observed the Johnson motorcycle speeding and driving recklessly southbound on La. Highway 23. They turned their vehicle around, activated the emergency lights and gave chase. Within approximately one and one-half miles and less than one minute, the accident occurred. Throughout the pursuit, the officer slowed his vehicle as he passed through intersections which had traffic control signals. They were approximately one block behind the motorcycle at the time of impact.
Plaintiffs offer no evidence to raise a material issue of fact. Their argument centers on factual conclusions which they contend create a genuine issue of fact. We disagree. The officers were in pursuit of a motorcycle for less than one minute that was being operated in such a manner as to create a danger to the public. The officer's duty to the citizens of Gretna was to attempt to stop the dangerous conduct. On the undisputed facts before us, and particularly the short duration of the pursuit, the only conclusion that can be drawn is the officers acted with due regard for the safety of all persons in attempting to stop the reckless operation of a motor vehicle. Thus, the granting of summary judgment was proper.
Plaintiffs also contend the City of Gretna and the Gretna Police Department were negligent in not having a "hot pursuit" policy in effect at the time of the accident. They argue the policy enacted subsequent to the accident would have required the officers to abandon the pursuit, thus avoiding the accident. Accordingly, the City of Gretna should be held liable.
We disagree. On the undisputed facts before us, Officers Still and Cambre acted properly and reasonably in attempting to stop the continued operation of a motor vehicle in a reckless and dangerous manner. This unfortunate accident was not caused by the acts of the Gretna defendants, *696 but by Johnson and/or McElreath. Because a "hot pursuit" policy was not in effect at the time of the accident, or because one was subsequently enacted, does not mean the City of Gretna or their Police Department was negligent. Because Still and Cambre's actions were not negligent in causing this accident, the City of Gretna and the Gretna Police Department also cannot be found to be at fault.
Accordingly, and for the foregoing reasons, the summary judgment dismissing the Gretna defendants is affirmed.

LIABILITY OF AMERICAN ISUZU MOTORS, INC.
Plaintiffs contend the Isuzu automobile driven by Mrs. McElreath was not crashworthy. However, in response to discovery requests plaintiffs state they have no reports, documents or tests concerning the automobile's crashworthiness, nor have they hired an expert to test the vehicle and its crashworthiness. Thus, defendant contends since plaintiffs have not consulted an expert in the three years between the accident and the hearing on the summary judgment; plaintiffs no longer have the vehicle; and that the allegations of uncrashworthiness are simply allegations and presumptions, summary judgment was properly granted. Plaintiffs contend summary judgment cannot be based on expert testimony, and that there are issues of material fact precluding summary judgment.
On a motion for summary judgment, the court must first determine whether supporting documents presented by the moving party are sufficient to resolve all material fact issues and, if they are sufficient, the burden then shifts to the opposing party to present evidence showing there are material facts at issue. Primary Color Laboratory, Inc. v. Fox, 427 So.2d 590 (5th Cir.1983); Weston v. Raymond Corp., 531 So.2d 528 (5th Cir.1988) writ denied 533 So.2d 360 (La.1988). Further, opinions of an expert based on his special training and experience do not meet the requirement of personal knowledge to justify a conclusion that there are no genuine issues of material fact. Id.; McCoy v. Physicians & Surgeons Hospital, 452 So.2d 308 (2nd Cir.1984) writ denied 457 So.2d 1194 (La.1984).
AIMI has not produced any evidence in support of summary judgment concerning the crashworthiness of the vehicle in question. Because AIMI failed to meet their burden of proof, summary judgment must be denied. Primary Color Laboratory, Inc., supra. The fact that plaintiffs have yet to obtain an expert does not sanction the dismissal of the lawsuit on summary judgment. Other procedural devices are available to protect AIMI.
For the foregoing reasons, the grant of summary judgment dismissing the Gretna defendants is affirmed. The grant of summary judgment dismissing AIMI is reversed and the matter is remanded to the trial court for further proceedings. Each party to bear their own costs.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
NOTES
[1] The Gretna defendants are as follows: Illinois Insurance Exchange, Inc., Titan Holdings Syndicate, Inc., The Great Global Assurance Company, Ronald Still, Will Cambre, The City of Gretna, Police Department of the City of Gretna, and B.H. Miller, Jr.