670 So.2d 264 (1996)
Joseph S. STEVENS, III, et al, Plaintiffs-Appellants,
v.
Dr. Douglas A. BERNARD, Defendant-Appellee.
No. 95-1010.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*265 Allen Joseph Borne, Franklin, Lester J. Gauthier Jr., Lafayette, for Joseph S. Stevens, III, et al.
Marc W. Judice, Lafayette, for Dr. Douglas A. Bernard.
Before YELVERTON, WOODARD and AMY, JJ.
YELVERTON, Judge.
This is an appeal of a summary judgment granted a defendant in a medical malpractice case. The trial court found no unresolved genuine issue of material fact supporting the claims of Joseph Stevens and his wife against Douglas Bernard, M.D., and dismissed plaintiffs' claims with prejudice. We reverse and remand.
On September 14, 1991, Joseph Stevens was injured in a fall. On that same day, he went to the hospital emergency room where he was seen by Dr. Bernard, an orthopedist. Dr. Bernard's initial notes dated September 16, 1991, stated that he saw the patient in the emergency room over the weekend and diagnosed a Grade I open fracture of the left mid-shaft humerus. X-rays during that examination confirmed the fracture. The doctor reduced the humerus fracture and applied a hanging arm cast. Stevens saw Dr. Bernard again two days later on September 16, 1991, during which swelling of the hand was noted. Two more days passed and he returned, complaining of tightness in the wrist. Dr. Bernard readjusted the splint and instructed Stevens in activities. During subsequent *266 office visits on September 23 and October 11, 1991, the arm cast was removed and replaced with an arm brace.
On October 14, 1991, Stevens returned to Dr. Bernard's office stating that the swelling had gone down in his wrist but complaining that it was still bothering him, and that it looked deformed. Dr. Bernard ordered X-rays of the wrist. They revealed an impacted, comminuted fracture of the distal radius, which was dorsally angulated about ten degrees. A sugar tong splint was applied to the wrist, and follow-up x-rays were taken which did not show any correction of the dorsal angulation. He continued with Dr. Bernard for follow-ups through March 1992. As of Dr. Bernard's last examination on March 23, 1992, Stevens was having problems with gripping and holding things. The above facts are undisputed.
Stevens and his wife filed a medical malpractice claim against the doctor alleging as the basis for liability the failure to diagnose the wrist fracture. The petition alleged that the first time Stevens saw Dr. Bernard he complained of problems in the wrist area but that Dr. Bernard did not focus on the injury to the wrist, he did not do an actual examination, nor did he take adequate x-rays so as to detect a fracture of the wrist. Plaintiffs alleged that the one-month delay in diagnosis of his wrist fracture resulted in poor healing and in a disability that would not have occurred but for the negligence of Dr. Bernard. The plaintiffs sought damages for the resulting permanent deformity and loss of use.
A Medical Review Panel reviewed the claim and rendered an opinion on November 3, 1993. It concluded that Dr. Bernard had exercised the appropriate standard of care in his treatment, and that the conduct complained of was not a factor in any resultant damages to plaintiff.
Dr. Bernard filed a motion for summary judgment. In support of the motion, Dr. Bernard attached the opinion of the medical review panel and an affidavit of Dr. Lee Leonard, a member of the panel. In opposition to the motion, Stevens submitted his affidavit, the deposition of Dr. Bernard, and the medical records, including Dr. Bernard's notes, documenting the course of treatment.
The trial court, granting the motion, in oral reasons for judgment referred to Exhibits "D" and "E", which were the opinion of the panel and Dr. Leonard's affidavit. Relying on these filings, the trial court found Dr. Bernard had proved that no genuine issue of material fact existed, and that the burden of proof shifted to the plaintiffs. The court then commented on the absence of any countervailing medical affidavit by the plaintiff. The court said, in effect, that the burden shifted and the plaintiffs did nothing:
[T]here is nothing in this record to indicate that Dr. Bernard's performance of his duties in this case violated the standard of care of an orthopedic surgeon in this community. There is no affidavit that is filed in this record wherein a doctor has expressed a contrary view....
The court for these reasons concluded that there was no fact in dispute, and that as a matter of law, defendant was entitled to the summary judgment.
On appeal, plaintiffs contend that the trial court erred in considering the opinion of the medical review panel and the affidavit of Dr. Leonard, both of which were based on review of medical records and not on personal knowledge.
La.Code Civ.P. art. 967 requires that affidavits filed in connection with a motion for summary judgment must be based on personal knowledge. "Personal knowledge" in the law of evidence means something which the witness actually saw or heard as distinguished from something he learned from another person or source. Jones v. Mes, 549 So.2d 902 (La.App. 3 Cir. 1989). It is well settled in this circuit that opinions of doctors not having personal knowledge are not admissible as evidence in a motion for summary judgment. As far back as 1971, in Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3 Cir.1971), we stated that the affidavit of a doctor expressing an opinion not based on personal knowledge but based solely on his training and experience as a physician could not be considered in support of the defendant's motion for summary judgment. That is still the rule in this circuit. See Alexander *267 v. Dauterive Hosp., 595 So.2d 1227 (La.App. 3 Cir.), writ denied, 600 So.2d 684 (La.1992). The first, second, and fifth circuits have the same rule. Brock v. Newman, 543 So.2d 84 (La.App. 1 Cir.), writ denied, 548 So.2d 1251 (La.1989); McCoy v. Physicians & Surgeons Hosp., 452 So.2d 308 (La.App. 2 Cir.), writ denied, 457 So.2d 1194 (La.1984); McElreath v. Progressive Ins. Co., 595 So.2d 693 (La. App. 5 Cir.), writ denied, 596 So.2d 557 (La.1992).
Defendant argues that it was entirely appropriate for the trial judge to rely on the opinion of the medical review panel and Dr. Leonard's opinion expressed in his affidavit. Defendant cites Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4 Cir.1993) and its holding that such affidavits are admissible for summary judgment purposes. That reliance is misplaced because, as indicated above, this circuit has historically adopted a different rule. The Richoux court itself recognized that the first circuit in Brock, 543 So.2d 84, had expressed a contrary view.
In the present case Dr. Leonard, in his affidavit, stated that after reviewing the medical malpractice complaint, the position paper on behalf of Dr. Bernard, the curriculum vitae of Dr. Bernard, and the medical charts, it was his opinion that Dr. Bernard met the appropriate standard of care in providing care and treatment to Stevens. However, he did not personally examine Stevens. Thus, Dr. Leonard did not have personal knowledge of Stevens' condition. Consequently, his affidavit submitted in support of the motion for summary judgment must be disregarded. The same is true of the opinion of the medical review panel.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue. If the burden shifts, the non-moving party may no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980). The question before us is whether the moving party's summary judgment evidence is legally sufficient to resolve all material fact issues.
A fact is "at issue" if there exists any reasonable doubt as to its existence. Durrosseau v. Century 21 Flavin Realty, 594 So.2d 1036 (La.App. 3 Cir.1992). The medical records documenting Stevens' treatment indicate that on September 16, 1991, swelling of the wrist was noted. Stevens made a return visit to Dr. Bernard's office only two days later purposely to complain of wrist pain. It was not until one month after initial treatment that Dr. Bernard ordered x-rays of the wrist and detected an impacted, comminuted fracture of the wrist, dorsally angulated about 10 degrees. Dr. Bernard stated in a deposition:
If I would have known that he had a wrist fracture at the time, I would have treated him exactly the same, the same type of cast. The only difference being is that I would have made an attempt at that time to straighten the wrist as best I could. (emphasis supplied)
The medical records also show that after Stevens' wrist was placed in a sugar tong splint and post x-rays taken, it did not show any change in position. It was not straightened. Dr. Bernard then opined that it was probably stuck right where it was. He also admitted during a deposition that a 30-day period is enough time for healing to occur and keep the wrist from moving, and that Stevens' wrist had healed in that position.
There are apparently medical textbooks that support the plaintiff's allegation against the doctor. In his deposition Dr. Bernard, responding to questions based on one textbook, admitted that it is a general principle that, given an obvious fracture, the examining physician should look for other fractures as well. He said he did not look for a fracture of the wrist because the patient did not complain of pain in the wrist.
Whether or not at the first examinations Stevens complained of a wrist involvement is a genuine issue of material fact. The doctor's notes are inconclusive. Stevens alleged that he did complain. Dr. Bernard denies *268 that he complained. These are the only two witnesses who have personal knowledge of the issue. This raises a genuine issue of fact.
A recent decision of this court involved a similar malpractice claim based on a delay in treatment of an injury. Blagg v. Blanch, 94-831 (La.App. 3 Cir. 2/1/95); 649 So.2d 1166. Ms. Blagg, the plaintiff, received chemical burn injuries on her scalp, face, forehead, and abdominal area. She was seen in emergency at the Abbeville General Hospital on September 19, 1989, and treated immediately for all injuries except for her scalp burns, which she alleged were not treated until September 21. A medical review panel concluded in favor of the defendants. The trial court entered summary judgment in favor of the doctor who had treated the scalp injury, finding no issue of material fact regarding the improper treatment of the scalp. This court reversed, finding that the inconsistencies between the positions of Ms. Blagg and the treating physician as to when treatment began raised a credibility doubt, there was inconsistency in the affidavits of two other witnesses, and the medical documentation was largely ambiguous.
In the present case, Stevens' allegation that he complained of his wrist were denied by Dr. Bernard. The doctor's progress notes were at least ambiguous as to that issue. The affidavit of Dr. Leonard and the medical review panel's opinion were not based on personal knowledge.
We fail to see how the remaining evidence, the deposition, and medical records of Dr. Bernard, remove any genuine issue of material fact from this case. The issue of material fact is whether Dr. Bernard failed to properly diagnose and treat Stevens' fractured wrist. If Dr. Bernard's negligent failure to do so contributed to the resulting damages, that failure would constitute fault. The evidence submitted by defendant in support of this motion does not resolve this material fact issue. For this reason the burden never shifted to the plaintiffs to present evidence showing that this material fact is still at issue.
Reviewing the summary judgment proceedings de novo, as we must, we find that defendant has not met the burden of proving that there is no genuine issue of material fact, and that he is not entitled to summary judgment. The plaintiffs have the burden of proving the applicable standard of care, its breach, and causation. The summary judgment evidence contains an admission by Dr. Bernard that good medical practice requires a search for other fractures when one is found; it contains an admission by the doctor that early in the treatment he was aware that the patient was complaining about his wrist; he did not x-ray the wrist until 30 days had passed; he also admitted that early discovery might have enabled him to straighten the wrist. Based on the admissible summary judgment evidence which can properly be considered, this might be one of those instances in which the medical and factual issues are within the lay person's ability to perceive as negligence and harmful through delay in treatment. Pfiffner v. Correa, 94-924, 94-963, 94-992 (La. 10/17/94); 643 So.2d 1228.
For the reasons assigned, we reverse the judgment of the trial court. The matter is remanded for further proceedings. Costs of this appeal are taxed to the defendant.
REVERSED AND REMANDED.
AMY, J., concurs in the result.