| RICKER, Judge.
Charles Dixon was injured on June 7,1988 when he was struck by fifty-gallon drums which rolled off a truck he was unloading. Dixon, an employee of Evans Trucking Company, was delivering the drums for Evans Cooperage, Inc. He filed suit against Evans Cooperage and its insurer, alleging the truck had been improperly loaded by employees of Evans Cooperage. He sought general and special tort damages and his wife sought recovery for loss of consortium.
Defendants filed a motion for summary judgment, asserting that Dixon was a statutory employee of Evans Cooperage at the time he was injured and that plaintiffs exclusive remedy is worker’s compensation. The trial court granted summary judgment. In written reasons for judgment, the judge found that the work being performed by Dixon was a routine and customary part of Evans Cooperage’s trade and business, so that under La.R.S. 23:1061 Evans Cooperage was the statutory employer of Dixon on the date of the accident. Plaintiffs appeal. We affirm.
La.Code Civ.P. Art. 966, governing procedures for summary judgment, was revised in 1996 by Acts 1996, 1st Ex.Sess., No. 9, § 1, eff. May 1, 1996, .to make summary judgments favored. In pertinent part, the article now states that the summary judgment procedure is designed “to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. Code Civ.P. Art. 966(A)(2). Summary judgment “shall be rendered forthwith if the |2pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. Art. 966(B).
If there has been adequate discovery or if the case has been set for trial, a motion which shows there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted if the adverse party “fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La.Code Civ.P. Art. 966(C). However, the burden of proof remains with the mover. La.Code Civ.P. Art. 966(G).
Worker’s compensation is the exclusive remedy for persons injured in the course and scope of their employment. La.R.S. 23:1032. Employees of contractors are considered under certain circumstances to be employees of the principal. When the principal hires a contractor to execute work which is part of the principal’s trade, business or occupation, or which the principal contracted to perform, the principal is hable to pay worker’s compensation to any employee of the contractor who is employed in execution of the work the principal would have been liable to pay if that employee were immediately employed by him. La.R.S. 23:1061.[1]
| sThe doctrine of tort immunity for principals vis-a-vis their contractor’s employees is known as statutory employment. At the time of plaintiff’s injury, determination of statutory employment status was made pursuant to a three-step analysis set forth in Berry v. Holston Well Service, Inc., 488 *361 So.2d 934 (La.1986), which has been summarized as follows:
In Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), we set forth a three tier analysis to determine the existence of a statutory employment relationship. The first level focused on whether the contract work is specialized or non-specialized. If the work is specialized per se, the work cannot be part of the principal’s trade, business or occupation. If the work is non-specialized, “the inquiry shifts to a comparison of the principal’s trade, business or occupation and the contract work to see if the latter can be considered a part of the principal’s trade, business or occupation.” Id. at 938. The Berry court set out three guidelines in this area: (1) is the contract work routine and customary; (2) does the principal have the equipment and/or manpower capable of performing the contract work; (3) what is the practice in the industry relative to the contract work. Finally, the court must determine if the principal was engaged in the work at the time of the alleged accident.
Bowens v. General Motors Corp., 608 So.2d 999, 1002 (La.1992).
In support of its motion for summary judgment, Evans Cooperage submitted an affidavit by Gary V. Hamilton, who stated: He has served as Secretary/Treasurer of Evans Cooperage Co., Inc. since May 1986. Evans Trucking, Inc. was incorporated on May 29, 1986. It was a legal business entity in Louisiana from May 27, 1986 until March 31, 1990, but it never owned any assets, never had any employees, and no property belonging to Evans Cooperage Co., Inc. was ever transferred to Evans Trucking, Inc. Evans Trucking, Inc. merged with Evans Cooperage Co., Inc. on March 31,1990.
Hamilton’s affidavit stated further that Evans Cooperage Co., Inc. is in the business of reconditioning and distributing barrels and drums and was routinely performing that work at the time plaintiff was injured. As a part of its routine operations, Evans Cooperage Co., Inc. employs drivers who deliver barrels and drums reconditioned by the company in trucks owned by the company.
Attached to Hamilton’s affidavit were certificates of title representing trucks owned by Evans Cooperage Co., Inc. as of the date plaintiff was injured. Hamilton stated the trucks 14Were used to deliver barrels and drums reconditioned by Evans Cooperage Co., Inc. to its customers, and that it is common practice in the cooperage industry for a reconditioner to employ drivers and to own trucks to deliver completed products to customers. Also included with the affidavit was a list of truck drivers employed by Evans Cooperage Co., Inc. at the time of plaintiffs accident.
In opposition to the motion, plaintiff filed his own affidavit in which he stated: He was employed by Evans Trucking, Inc. as a truck driver on the date of the accident. At no time was he ever employed by Evans Cooperage, Inc. He knows of his own personal knowledge that Evans Trucking, Inc. was a separate and distinct company from Evans Cooperage, Inc. On the date of the accident, Evans Cooperage, Inc. did not employ any truck drivers, but instead all the truck drivers that hauled Evans Cooperage products were employed by Evans Trucking, Inc. Plaintiff received payroll checks only from Evans Trucking, Inc. Attached to the affidavit was a photocopy of a check from Evans Trucking, Inc. to plaintiff, dated November 30,1988.
Under the Berry analysis, the following facts are material to determination of statutory employment status:
a. Was the delivery and unloading of reconditioned barrels and drums specialized per se? There is nothing in the record or the affidavits to indicate it was specialized work.
b. Was the work routine and customary? Did Evans Cooperage have the equipment and/or manpower to perform it? Was such work industry practice? Those questions all are answered in the affirmative by Hamilton’s affidavit.
c. Was Evans Cooperage engaged in the work at the time of plaintiffs accident? Again, Hamilton’s affidavit establishes that it was so engaged.
Examining the facts set forth in the opposing affidavits, we find that plaintiffs affidavit *362 fails to raise genuine issues of fact material to determination of statutory employment status. Most of Ms statements are directed to proving he was an employee of Evans Trucking rather than of Evans Cooperage. That is irrelevant for our purposes, because Isthe point is whether Evans Cooperage was his statutory employer, not whether it was his direct employer. The only statement in his affidavit that appears to raise a material fact issue is his assertion that all the drivers who hauled Evans Cooperage products were employed by Evans Tracking, Inc.
The party opposing summary judgment cannot rely on the “bare allegations or demals of Ms pleadings”; rather, the party must respond by affidavits or as otherwise provided and must set forth specific facts showing the existence of a genuine factual issue for trial. City of Baton Rouge v. Cannon, 376 So.2d 994, 996 (La.App. 1 Cir.1979).
Once both parties have completed their pleadings, depositions and attachments, summary judgment will be found only if the genuine issues of material fact presented “are so patently msubstantial as to present no genMne issues. A mere formal allegation without substance will not preclude the rendering of a summary judgment.”

Id.

La.Code Civ.P. art. 967 requires that affidavits filed in connection with a motion for summary judgment must be based on personal knowledge. “ ‘Personal knowledge’ in the law of evidence means something which the witness actually saw or heard as distinguished from somethmg he learned from another person or source.” Stevens v. Bernard, 95-1010 (La.App. 3 Cir. 1/31/96); 670 So.2d 264, 266.
Plaintiffs statement that all the drivers hauling Evans Cooperage products were Evans Tracking employees does not set forth the basis for his information. It is “a mere formal allegation without substance,” Stevens v. Bernard, supra, and it fails to make a showing sufficient to bar summary judgment.
Accordmgly, the judgment is affirmed.

AFFIRMED.

. La.R.S. 23:1061 was amended in 1989 to add another sentence, which states:
The fact that work is specialized or nonspecial-ized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
La.R.S. 23:1061, as amended by Acts 1989, No. 454, § 3, eff. Jan. 1, 1990. It is generally considered that the amendment has broadened the definition of statutory employment. Bowens v. General Motors Corp., 608 So.2d 999, 1006 n. 4 (La.1992). Because this suit arises from a 1988 injury, however, the pre-amendment version is applicable.