1 .CANNELLA, Judge.
Plaintiff, Eddie Joseph, appeals a summary judgment in a personal injury case dismissing his claim because he was a statutory employee of Defendant, The Parish of St. John the Baptist (the Parish). We affirm.
On November 19, 1990 Plaintiff, while working as a garbage collector employed by Troselairs, Inc., was injured on Beech Street in LaPlace when the truck upon which he was standing backed into a lamp post, crushing him. The Parish contracted with Troselairs, Inc. for garbage collection.
On November 15, 1991 Plaintiff filed suit for his damages against the Parish, the Parish President, and members of the Parish Council in their official capacities. He alleges that they are liable due to the dangerous condition of Beech Street, which does not provide adequate means of ingress and egress.
On March 2, 1999, the Parish and the nine councilmen filed a Motion for Summary Judgment alleging that Plaintiffs recovery against them is limited to workers’ compensation. They assert that Plaintiff was the Parish’s statutory |3employee, under La. R.S. 23:1061. The trial judge granted the motion relative to the Parish on July 20, 1999. On November 23, 1999, the trial judge rendered an Amended Judgment certifying the judgment as ap-pealable, in conformity with La. C.C.P. art. 1915.
On appeal, Plaintiff asserts that the trial judge erred in failing to apply the statuto *738 ry employer test established in Berry v. Holston Well Service, 488 So.2d 934 (La.1986), and by applying the 1997 amendments to R.S. 23:1061(1) retroactively.
Initially, we note that the Parish agrees that the amendments to R.S. 23:1061 are to be given prospective application.[1] However, in her reasons for judgment, the trial judge cited, inter alia, both the 1997 amendment and pre-amendment law as authority for her decision. Since this accident occurred in 1990, the 1997 amendment should not have been considered. Nevertheless, her decision is correct.
Workers’ compensation is the exclusive remedy for persons injured in the course and scope of their employment. La. R.S. 23:1032. Employees of contractors are considered to be employees of the principal under certain circumstances set out by statute. Under La. R.S. 23:1061, the employee is a statutory employee:
“A. When any person, in this Section referred to as the “principal”, undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by the | ¿principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspe-cialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.”
See: Dixon v. Evans Cooperage, Inc., 97-69 (La.App. 5th Cir. 6/30/97), 697 So.2d 359, 360-361.
At the time of Plaintiffs injury, the determination of statutory employment status was made pursuant to a three-step analysis set forth in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), as limited by the 1989 amendment to the statute and explained in Kirkland v. Riverwood Intern. USA, Inc., 95-1830 (La.9/13/96), 681 So.2d 329, 336-337, as follows:
We therefore hold that the appropriate standard under the amended Section 1061 for determining whether the contract work is part of the alleged principal’s trade, business or occupation is for the court to consider all pertinent factors under the totality of the circumstances. The presence or absence of any one factor is not determinative, and the presence of one factor may compensate for the lack of another. (FN14) Among those factors to be considered in determining whether a statutory employment relationship exists are the following:
(1) The nature of the business of the alleged principal;
(2) Whether the work was specialized or non-specialized;
*739 1 b(3) Whether the contract work was routine, customary, ordinary or usual;
(4) Whether the alleged principal customarily used his own employees to perform the work, or whether he contracted out all or most of such work;
(5) Whether the alleged principal had the equipment and personnel capable of performing the contract work;
(6) Whether those in similar businesses normally contract out this type of work or whether they have their own employees perform the work;
(7) Whether the direct employer of the claimant was an independent business enterprise who insured his own workers and included that cost in the contract; and
(8) Whether the principal was engaged in the contract work at the time of the incident.
In this case, the Parish supported the motion with an affidavit by the Chief Administrative Assistant to the Parish President asserting that the Parish is responsible under law for providing garbage collection and waste disposal to the parish residences and businesses, the parish ordinance authorizing the delegation of these duties to a private company, and the service agreement that was executed with Trosclairs, Inc. in 1986. Plaintiff responded only with a statement of alleged contested issues of fact, but with no other evidentiary documents.
In applying this evidence to the statutory employee analysis, we find that:
(1) The nature of the Parish’s business encompasses the collection and disposal of solid waste.
(2) The work in this case, garbage collection, is non-speeialized.
(3) The contract work was routine, customary, ordinary or usual.
(4) The Parish did not customarily use its own employees to perform the work, but contracted out all or most of such work;
(5) The Parish could have obtained the equipment to perform the job, although it does not appear that it had the equipment at the time. | ^However, the Parish had personnel capable of performing the contract work.
(6) There was no evidence submitted to whether those in similar businesses, municipalities, normally contract out this type of work or whether they have their own employees perform the work.
(7) Trosclair’s, Inc., the direct employer of Plaintiff, was an independent business enterprise who was required by the Parish to insure his workers. It is unknown whether the cost of insurance was included in the contract.
(8) The Parish was not engaged in the contract work at the time of the incident, but it collected the fees for the services from its residents and its businesses.
We note in the record before us that the Motion for Summary Judgment was filed on March 2, 1999 against Plaintiff, Eddie Joseph, on behalf of the Parish and 9 Councilmen, William Bill Terry, Hoston Lewis, Richard Dale Wolf, Peter Ned Duke, Clinton Perrilloux, Ranny Wilson, Harold Haydel, Joel McTopy and Steve Lee. However, the transcript of the hearing on May 14, 1999, Judgment dated July 17, 1999, amended Judgment dated November 23, 1999 and briefs refer to the Parish only.
Considering the totality of the circumstances, we find that the contract work is part of the Parish’s trade, business or occupation. Consequently, the trial judge did not err in finding Plaintiff to be a statutory employee of the Parish and in dismissing his case against the Parish for that reason.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal to be paid by Plaintiff.
AFFIRMED.

. The amendment provides that a statutory employer relationship shall exist whenever the work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.