| .PLOTKIN, Judge.
At issue in this appeal is whether the trial court properly granted summary judgment to the owner of a French Quarter bar in New Orleans against the plaintiff, a victim of a brutal attack by a man she alleges was employed at this bar. Finding that the plaintiff did not sustain her burden of proof in the summary judgment proceeding, we affirm.
The plaintiff, Kathryn Brady, first visited New Orleans from Texas for Mardi Gras 1998 at which time she met George Bell, Herbie Johnson, and Bobby Washington at a French Quarter bar called Bourbon Street Blues Club. She returned to New Orleans a few weeks later on March 18, 1998 and contacted Mr. Bell. That evening, Ms. Brady and Mr. Bell went to several bars in the French Quarter and eventually encountered Mr. Johnson. Ms. Brady continued to accompany Mr. Johnson once Mr. Bell got separated from the group. Ms. Brady and Mr. Johnson went to Monaghan’s Erin Rose, a bar in the French Quarter, and saw Mr. Washington, who then joined them as they went to another bar and then took a taxi to Johnson’s apartment at approximately 11:00 p.m. Later, Ms. Brady and Mr. Washington left the apartment in another taxi, stopped at Ms. Brady’s hotel room to get money, and returned to Monaghan’s Erin Rose after 3:00 a.m. | aDetermining that Ms. Brady was intoxicated and unruly, the bartender, Marcy McGill, eventually called a taxi to take Ms. Brady home. Mr. Washington walked Ms. Brady outside to meet the taxi, but once she got in the taxi at around 4:00 a.m., she insisted that the driver bring her back to the bar instead of her hotel. After allegedly returning to the bar and drinking more, Ms. Brady claims that Mr. Washington walked her down the street to the river and then attacked her.
Ms. Brady was found near the river with multiple stab wounds at approximately 6:00 a.m. She spent nine days in the hospital and underwent several surgeries. She changed her initial description of her attacker to the police several times. Eventually, Ms. Brady identified Mr. Washington as her attacker. Criminal charges were brought against Mr. Washington, he was tried by a jury, and the jury acquitted him.
On March 19, 1999, Ms. Brady filed a civil lawsuit for damages against Bobby Washington, and his alleged employer, James Monaghan and Monaghan Properties, Inc. Defendants, Mr. Monaghan and Monaghan Properties, Inc., filed a motion for summary judgment on June 19, 2000, claiming that Ms. Brady failed to offer any evidence to prove that Mr. Washington worked at Monaghan’s bar, or that, if he did work there, Ms. Brady failed to show that the alleged attack was related to his supposed employment there. With their motion, the defendants submitted the affidavits of James Monaghan, the owner of the bar and Marcy McGill, the former bar manager, both stating that Mr. Washington was never employed in the bar and had never work there.
Ms. Brady opposed the motion, submitting her own affidavit stating that on the night of the attack, she saw Mr. Washington behind the bar performing typical bar-tending functions. Ms. Brady also submitted the affidavit of George Bell who stated that Mr. Washington said that he worked at the bar.
*799 IsAfter a hearing, the trial court granted the defendants’ motion on December 19, 2000. Ms. Brady appeals this ruling.
In granting summary judgment in favor of the defendants, the trial court found that Ms. Brady had “completely failed to satisfy her burden of proof under Article 966 of the Louisiana Code of Civil Procedure to defeat summary judgment.” The court found that, based on the defendants’ documents, there was no genuine issue of material fact as to the defendants’ status as employer. The court also reviewed the standard for determining whether an employer could be held vicariously liable for the acts of its employees, and determined that even if Mr. Washington worked at the bar in question, the defendants’ evidence showed that the defendants would not be vicariously responsible under the applicable standard.
In her only assignment of error, Ms. Brady asserts that the trial court erred in granting the defendants’ summary judgment motion. Specifically, she argues that the court failed to consider the negligent hiring claim she set out in her petition. She also argues there exists a genuine issue of material fact as to Mr. Washington’s employment status at Monaghan’s Erin Rose bar. Finally, she claims that the trial court improperly analyzed vicarious liability in the case having found that Mr. Washington was not employed at Monaghan’s Erin Rose.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. La.Code Civ. P. art. 966. Pursuant to 14the 1966 amendments to article 966, summary judgments are now favored, and the rules regarding summary judgments are to be liberally applied. La.Code Civ. P. art. 966(A)(2). The amendments leveled the playing field for the litigants, required equal scrutiny of documentation submitted by the parties, and removed the earlier overriding presumption in favor of trial on the merits. Marrogi v. Gerber, 2000-1091 (La.App. 4 Cir. 5/16/01), 787 So.2d 1098.
Article 966 was also amended to alter the burden of proof in summary judgment proceedings. The initial burden of proof remains on the movant to show that no genuine issue of material fact exists. However, if the movant will not bear the burden of proof at trial, his burden on the motion requires him not to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ. P. art. 966(C)(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir. 3/31/99), 731 So.2d 983, 985.
After the movant has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La.Code Civ. P. art. 966(C)(2). If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. La.Code Civ. P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavits or as *800 otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. Code Civ. P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
|fiThe existence of a genuine issue of material fact as to Mr. Washington’s employment status at Monaghan’s Erin Rose is the crucial determination in this case, so we will address that issue first. To support the motion for summary judgment, the defendants submitted the affidavit of James Monaghan, stating that he is the sole stockholder and president of Mon-aghan Properties, Inc., the owner of Mona-ghan’s Erin Rose. He further stated that Bobby Washington “has never been employed by Monaghan’s Erin Rose” or by Monaghan Properties, Inc. Also, Mona-ghan stated that on the night of March 18, 1998 until closing at 6 a.m. March 19,1998, Marcy McGill was the bartender and manager and the only bartender at the front bar of the establishment.
The defendants also submitted the affidavit of Marcy McGill, who stated that prior to her present employment, she worked as the bar manager and bartender at Monaghan’s Erin Rose, and she worked in this capacity on March 18, 1998 until closing at 6:00 a.m. on March 19, 1998. Ms. McGill further stated:
4. Bobby Washington was not employed by Monaghan’s Erin Rose at anytime during my employ at that establishment.
5. Bobby Washington did not serve drinks or work behind the register at Monaghan’s Erin Rose on March 18, 1998, until the closing on March 19,1998.
6. On the night of March 18, 1998, and early March 19, 1998, Ms. Kathryn Brady was sitting at the bar. I refused to serve her, because she appeared very intoxicated, and was unruly. I asked her to leave and called a taxicab for her.
7. After Ms. Brady was escorted to the taxicab, I did not see her on the premises of Monaghan’s Erin Rose again that evening.
8. I was the only bartender on duty at the front bar on the night of March 18, 1998, until closing at 6 a.m. March 19,1998.
These affidavits sufficiently establish that an essential element of Ms. Brady’s claim against the defendants — that Bobby Washington was employed by | fithe defendants — is lacking in factual support. Hence, the burden shifted to Ms. Brady to prove that she would succeed at trial on this issue. With her opposition, she submitted her own affidavit in which she stated that the first time she came to New Orleans she went to Monaghan’s Erin Rose and met and became friendly with Bobby Washington. At this time she saw Mr. Washington serving drinks from behind the bar, taking money from patrons, operating the cash register, and performing “bar back” functions such as retrieving ice and washing glasses at Monaghan’s Erin Rose.
Ms. Brady further stated in her affidavit that when she returned to New Orleans in March 1998, she again encountered Mr. Washington at Monaghan’s Erin Rose where he was performing the duties she described before. She stated that on March 18, 1998 Mr. Washington served her and other customers drinks from behind the bar until the early morning hours of March 19, 1998. She stated that after having a considerable amount of alcoholic beverages, Mr. Washington escorted her outside of the bar and placed her in a taxi. Ms. Brady stated that after a short ride in the taxi, she returned to the bar, and after *801 having another drink, Mr. Washington walked her outside to put her into a taxi, but instead he walked her several blocks and then stabbed her multiple times.
Ms. Brady also submitted the affidavit of George Bell, one of the men she befriended in New Orleans. Mr. Bell, who currently lives in Virginia, stated that while he was employed at the Bourbon Blues Company in late 1997, he became acquainted with Bobby Washington and came to know him fairly well as they would frequently meet in the French Quarter after they both got off of work. Mr. Bell stated that on “numerous occasions Bobby Washington told George Bell that he was employed at the Monaghan’s Erin Rose.”
|7Ms. Brady’s affidavits fail to provide factual support sufficient to establish that at trial she would be able to prove that Mr. Washington was employed by the defendants. Ms. Brady argues that the trial court failed to address her affidavits. Simply because the trial court does not mention a plaintiffs affidavits does not mean the court did not consider the affidavits in its ruling. In this case, the affidavits presented by the plaintiff fail to raise a genuine issue of material fact as to Mr. Washington’s employment with the defendants.
Moreover, Ms. Brady’s own affidavit merely reiterates the allegations she made in her petition. This does not provide a sufficient factual showing of the existence of a genuine issue of material fact for trial. See Shelton v. Standard/700 Associates, 2001-0587 (La.10/16/01), 798 So.2d 60. Furthermore, the assertions made in Ms. Brady’s affidavit, while purporting to recount her observations, are unreliable; in her deposition, Ms. Brady admits to drinking heavily that evening, and she stated that she did not recall taking any of the drugs found in her system at the hospital. Her recounting of the night’s events in her deposition contains inconsistencies and leaves unanswered questions; for example, if Mr. Washington was working that evening, why was he able to drink with Ms. Brady and simply leave and go out with her for hours without telling anyone in the bar?
Mr. Bell’s affidavit is no more helpful than Ms. Brady’s. Affidavits must be based on personal knowledge, which is something the witness actually saw or heard as distinguished from something he learned from another person or source. Dixon v. Evans Cooperage, Inc., 97-69 (La.App. 5 Cir. 6/30/97), 697 So.2d 359, writ denied, 97-1983 (La.11/7/97), 703 So.2d 1273. In his affidavit, Mr. Bell only recounts what Mr. Washington told him; he provides no personal knowledge of Mr. Washington’s employment status.
|sMs. Brady also points out information included in the police report of her attack, which is included in the record. Even if such information could satisfy proof requirement in a summary judgment proceeding, which we doubt, the information itself is insignificant.
Information from a taxi driver to police that Mr. Washington said he worked at Monaghan’s Erin Rose is worthless for our purposes. Not only does such information constitute double hearsay at trial, but it reveals a telling omission in Ms. Brady’s evidence — why is there no evidence by affidavit or deposition from Mr. Washington himself on his employment history? Mr. Washington’s statement to police that he “helped” the bartender that night falls short of him claiming to be employed by the defendants, particularly considering he probably needed an alibi for that night. Furthermore, information in the police report that Mr. Washington was found sleeping in the back of the bar is meaningless insofar as establishing his employment status.
*802 Ms. Brady’s allegation of Mr. Washington’s employment with the defendants is conjecture. Although one and a half years passed between the filing of suit and the hearing on the motion for summary judgment, Ms. Brady failed to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden at trial with regard to Mr. Washington’s employment by the defendants.
Considering our conclusion, we need not discuss Ms. Brady’s remaining argument because they are moot. The trial court’s failure to address Ms. Brady’s negligent hiring claim is of no moment; if Ms. Brady failed in her burden of proving that Mr. Washington was ever employed by the defendants, certainly her negligent hiring claim is meritless. Further, actual employment by one of another is the preliminary element for the imposition of vicarious liability. Again, with no | flevidence that the defendants employed Mr. Washington, Ms. Brady fails to state a claim for vicarious liability.
Accordingly, the trial court did not err in granting the defendants’ motion for summary judgment. The judgment of the trial court is affirmed.
AFFIRMED.