801 So.2d 1213 (2001)
Catherine C. PIERRE
v.
John BANK, d/b/a J.B. Construction, Virgil Johnson, Genesis Financial Services, Inc., Acstar Insurance Company, and Scottsdale Insurance.
No. 2000-CA-2729.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2001.
*1214 Catherine J. Smith, New Orleans, LA, Counsel for Plaintiff/Appellant.
Robert A. Barnett, Guste, Barnett & Shushan, L.L.P., New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge STEVEN R. PLOTKIN, Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY.
Judge MICHAEL E. KIRBY.
Plaintiff, Catherine Pierre, appeals the granting of a motion for summary judgment in favor of defendants, Genesis Financial Services, Inc. and Virgil Jonson.[1] The defendants sent a letter that stated their desire to settle plaintiff's claims and later sent a check that stated it was a full release for work done. Plaintiff endorsed the check, negotiated it, and claimed that these acts did not meet the requirements of LSA-C.C. art. 3071. We disagree and affirm the finding of the trial court.

STATEMENT OF THE FACTS
Catherine Pierre contracted with John Bank to build a home in Louisiana. Dryades Savings Bank funded the construction and required a performance bond before the release of any funds. Defendants, Genesis Financial Services, Inc., and its employee, Virgil Jonson, provided a binder to the bank on behalf of the contractor, as evidence that the necessary performance bond was secured.
Mr. Bank, the contractor, allegedly defaulted on his job, due to unworkmanlike performance. The work was halted. Dryades and the plaintiff sought execution of the performance bond to satisfy the money advanced to the builder, due vendors and suppliers. The binder was later found to be invalid and unenforceable. Thus, no performance bond existed.
On April 16, 1997, Genesis sent a letter to Dryades which stated the following:
[Genesis] agrees to pay $17,623.08 on or before April 18, 1997. These monies are a full reimbursement for the monies paid to J.B. Construction for work done at 386 Courthouse Rd., Hahnville, Louisiana. Included is $175.00 fee Dryades paid for inspection and $5.08 per diem. We further agree to settle all liabilities of Ms. Pierre in regard to contractors *1215 and suppliers. It is our intent to make Ms. Pierre "whole" and satisfied, in effect, place her in the same position as before work commenced.
If agreed to, Genesis requests release of further liability.
[Emphasis added.]
Genesis tendered a check to Ms. Pierre dated April 21, 1997, for the sum of $21,312.82. Included in this check was an additional $3,689.74. On the face of the check Genesis wrote: "Full release for work at 386 Courthouse Lane, Hahnville, La." [Emphasis added.]
Plaintiff endorsed this check and negotiated it at the bank. Plaintiff does not dispute the language on the check, nor that the funds were received.
On August 15, 1997, plaintiff filed a petition for damages. On October 9, 1997, defendants, Virgil Jonson and Genesis, filed exceptions of vagueness, no cause of action, no right of action, venue and improper service. Said exceptions were denied on December 1, 1997.
On December 28, 1999, defendants, Virgil Jonson and Genesis, filed a motion for summary judgment and reurged its exceptions of no right of action and no cause of action. The trial court granted the summary judgment and the exceptions on April 24, 2000. From this judgment plaintiff appeals.

STATEMENT OF THE LAW
Plaintiff assigns three errors to the trial court. First, the trial court erred in granting defendant's motion for summary judgment. Second, the trial court erred in granting defendant's exception of no right of action. Finally, the trial court erred in granting defendant's exception of no cause of action. It goes without saying that if the trial court were correct in granting any one of these three procedural manoeuvres, then review of the others become moot. We begin our review with the motion for summary judgment.
A motion for summary judgment is a procedural device used to avoid a full-scale trial on the merits when there is no genuine issue of material fact. Jarrett v. Capital Area Legal Services Corp., Inc., 99-0193 (La.App. 1 Cir. 3/31/2000) 763 So.2d 698, writ not considered, XXXX-XXXX (La.4/12/01) 789 So.2d 601.
In Newton & Associates, Inc. v. Sheridan, 99-2048 (La.App. 4 Cir. 12/13/00), 775 So.2d 1144, we stated:
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P.Art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If, as here, the mover will not bear the burden of * 1147 proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La.C.C. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir.3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31-258 (La.App. 2 Cir.12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. *1216 C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir.9/10/97), 699 So.2d 895. Appellate courts review summary * 5 judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.
Newton, at 4-5, 1146-1147.
By producing the letter dated April 16, 1997 and the check that was marked "full release," the defendants shifted the burden of proof to Ms. Pierre to produce factual support to prove why her endorsement and negotiation of the check did not terminate the defendants' liability for the home building project.
Ms. Pierre argues that her actions did not meet the legal requirements of accord and satisfaction, and at the very least raised questions of material fact, thereby precluding the granting of summary judgment. We disagree.
Louisiana Civil Code Article 3071, which governs accord and satisfaction, states that compromise is a contract that must be reduced into writing. Obviously, the check meets the writing requirement of LSA-C.C. Article 3071. Therefore, we must determine whether the check was a contract, and if so, what were its terms. Likewise, we must consider whether the endorsement and negotiation by Ms. Pierre of said check signified consent.
La. Civil Code Article 1906 defines a contract as an agreement by two parties whereby obligations are created, modified or extinguished. The check represents an agreement, because it is signed by both parties, and it contains terms, especially that of: "Full release for work at 386 Courthouse Lane, Hahnville, La."
The terms of the agreement, i.e. what the money was tendered for, were further illustrated by the letter that preceded it. The language of the letter sent by Genesis clearly explains their intent to settle with Ms. Pierre. The letter preceded and made clear the purpose for which the check was tendered, i.e. to pay the contractors and suppliers as well as make restitution to Ms. Pierre. On the face of the check were written the words "full release for work." Thus, the object of the contract was to settle.
The cause or consideration for the contract was the additional $3,689.74, to Ms. Pierre which was not owed any contractor or supplier. This was the money tendered "to make Ms. Pierre `whole' and satisfied." The rest of the money, i.e. $17,623.08, was money owed to the contractors and suppliers, which was used to remove any and all liens on the property.
Finally, Ms. Pierre's consent to this contract is evidenced by her endorsement and negotiation of said check and contract. Ms. Pierre's signature of endorsement on the check, which was also the contract of compromise, served as her consent to the satisfaction of any rights she had against Genesis, the drawer of this check.
Since the object of the check was settlement and the endorsement and negotiation of said check was consent for the consideration or cause of $3,689.74, we affirm the granting of summary judgment by the trial court in favor of the defendants.
Having found the grant of summary judgment proper, it is not necessary to consider Ms. Pierre's other assignments of error.
AFFIRMED.
NOTES
[1] The Plaintiff incorrectly spelled Mr. Virgil Jonson's surname with an "h" in the suit.