h Chief Judge WILLIAM H. BYRNES, III.
On January 17, 2002, Defendants/Rela-tors, Stephen Baver and Allstate Insurance Company (“Allstate”) filed a motion for summary judgment, which was denied by judgment dated March 27, 2002. Defendants/Relators seek to invoke the supervisory jurisdiction of this Court to review the denial of its motion.
Defendant/Relator Mr. Baver owns a double shotgun house on Louisa Street in New Orleans. Pauline Carter, who resides in one half of Mr. Baver’s double at 726 Louisa Street, and Mr. David Livaccari, who was hired by Mr. Baver to repair and repaint the premises, were deposed in the instant case. Ms. Carter alleges that on the evening of June 4, 2000, at approximately 9:30 p.m., she exited her front door and fell to the ground because the-stairs she expected to be there had been pushed aside. Mr. Baver claims that he hired Mr. Livaccari as an independent contractor to repair and repaint the premises due to termite damage and that Mr. Baver exerted no control over Mr. Livaccari’s day-today work. Ms. Carter | ^characterizes Mr. Livaccari as Mr. Baver’s employee, rendering Mr. Baver liable for Ms. Carter’s injuries through Mr. Livaccari.
There is no dispute that Mr. Baver owned the Louisa Street residence at the time of Ms. Carter’s injury. There is also no dispute that Mr. Livaccari alone actually moved the stairs to the side in order to paint and later decided to pack up for the day when it began to rain heavily. Ms. Carter and Mr. Livaccari both testified that Mr. Baver was not actually present at the residence on the day of the accident. Ms. Carter appears to confuse the names Mr. Baver and Mr. Livaccari in her testimony on this point in her deposition, but she clearly clarifies that Mr. Baver was not present at the residence on the day of the accident, that it was Mr. Livaccari alone who was present and who returned the next day and apologized upon finding out about her accident.
Mr. Livaccari testified in his deposition that his arrangement with Mr. Baver was for the limited purpose of repairing the termite damage to the residence and repainting the structure, although neither the time frame nor the final price was set. Mr. Baver, according to Mr. Livaccari, purchased the materials, had them delivered, and relied on Mr. Livaccari to supply his own tools. Mr. Livaccari maintained day-to-day control over the methods used to complete the project, the sequence of repairs, and the hours he worked.
*498 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465 (La.App. 4 Cir, 10/14/98), 720 So.2d 398, 400. The summary judgment procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). Appellate courts review a |3súmmary judgment de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court, the movant’s burden does not require him to negate all essen-tia] elements of the adverse party’s claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966 C(2).
Pursuant to La. C.C.P. art. 966, the initial burden of proof remains on the mover to show that no genuine issue of material fact exists. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there |4is a genuine issue of material fact for trial. La. C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
A summary judgment must be evaluated in the light of the substantive law underpinning the plaintiffs claim. This Court set forth the standard by which cases such as this should be judged in Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 (La.App. 4 Cir.1986):
As a general rule, property owners are not liable for the negligence of independent contractors who are performing work for the owner. In determining whether the person performing the work is an employee or an independent contractor the focus of the inquiry is directed at gauging the degree of the contractor’s independence or subserviency. Davidson v. American Drug Store [Stores], 175 So. 157 (La.App.Orleans 1937). Factors which are relevant to this inquiry include the independent nature of the contractor’s business, the existence of a contract for performance of a specific job, payment of a fixed price for the work, employment by the contractor of assistants who are under his control, the furnishing of necessary tools and materials by the contractor and his right to control the conduct of his work while in progress. Lacaze v. Beeson, 44 So.2d 493 (La.App. 1st Cir.1950). The most important of these factors is the degree of control which the owner can exercise over how the contractor performs the work. Olano v. Leathers, 2 So.2d 486 (La.App. 1st Cir.1941). Thus, *499 where the contract provides that the owner’s control over the contractor is limited to providing plans and specifications and his only right is to insist that the job be performed in accordance with those plans and specification, an independent contractor relationship exists and the owner is not vicariously hable for the contractor’s negligence. Crutti v. Frank, 146 So.2d 474 (La.App. 4th Cir.1962); Arledge v. Royal[-]Globe Insurance Co., 401 So.2d 615 (La.App. 3rd Cir.1981).
In the present case, a number of standards described in Williams' were not met: (1) Mr. Livaccari was paid by the hour so there was no fixed price |sfor the job; (2) Mr. Livaccari had no assistants under his control; (3) Mr. Baver, the owner, did more than merely furnish plans and specifications — he furnished materials. Additionally, we note from the plairitiff/re-spondent’s deposition that the owner, Mr. Baver, sometimes • did repairs himself which increases the likelihood that he could have been more involved in the supervision of the work than one less accustomed to and less familiar with repair work.
Genuine issues of material fact exist as to whether Mr. Livaccari could be considered to be an independent contractor. Accordingly, Mr. Baver and Allstate’s writ application is denied.

WRIT GRANTED; RELIEF DENIED.