JACHARLES R. JONES, Judge.
This appeal arises out of Cross Motions for Summary Judgment filed in the district court by the plaintiff/appellant, GEOIL, L.L.C., and the defendant, Online Resource Exchange, Inc. (hereinafter “Online”). The district court denied the Motion for Summary Judgment filed by GEOIL, and granted the Motion for Summary Judgment in favor of Online, thus dismissing GEOIL’s claims against Online. GEOIL now seeks review of the judgment of the district court. We remand for a trial on the merits finding that there is a genuine issue of material fact.
GEOIL and Online engaged in the investing in oil and gas properties. In 1999, Online sought to invest in a development project in Caddo Parish, Louisiana known as the Greenwood Wascom Development Project. Online executed an acquisition and development agreement with Martin Production Company and Mineral Ventures, Inc. (hereinafter “MMV”), to drill and re-enter thirteen locations in the Greenwood-Waskom Field, or as referred to in the agreement, the drilling of the “Hornot # 1 Well” for re-entry of more than twelve oil and gas wells. Online needed $300,000 as a deposit to secure its involvement in the project, and sought interim financing of the $300,000 from *50 GEOIL. A letter agreement between the parties was signed on August 20, 1999. The agreement provided:
laGEOIL agrees to loan Online $300,000 which amount is to be paid to MMV as a deposit to secure Online’s participation in the referenced project. Online agrees to repay GEOIL as soon as is practical after the completion of Online’s financing effort but not later than January 15, 2000. Online will grant GEOIL an overriding royalty in the amount of 3% on Online’s 75% working interest in the wells and leases specified in the April 1999 Project Development Book, prepared by Martin Production Company. GEOIL will have the right to participate as a working interest partner in the project by mutual agreement with Online; however, in such instances the overriding royalty would be proportionally reduced. If in the event Online brings another party as a working interest partner, the override of 3% will not be reduced.
As part of this agreement, Online also agrees that the costs borne by GEOIL in the drilling of the Hornot # 1 in the amount of $104,000 (and any additional amounts approved by GEOIL and Online) will be added to Online’s loan in the event the well is a dry hole. In the event the well does not reach payout, the loan amount will be reduced by revenues received. However, both Online and GEOIL agree that in the event the well is completed, then Online earns 50% of GEOIL’s 331/3% [sic] working interest at payout of the Hornot # 1. Payout means the recovery of land and lease acquisition costs, drilling and completion costs paid by GEOIL.
In connection with the agreement, Online executed a promissory note in favor of GEOIL in the amount of $404,000. The principal and interest was due on January 15, 2000. When Online failed to pay the promissory note on January 15, 2000, GEOIL filed suit to recover $300,000 plus interest. On March 30, 2000, Online paid GEOIL $300,000 plus interest.
In August of 2000, Online and GEOIL were informed by MMV that the Hornot # 1 would not reach payout. GEOIL paid $190,409.93 in drilling and completion costs, and then sought reimbursement for the costs from Online pursuant to the agreement of August 20, 1999. GEOIL filed a petition to enforce the letter agreement and collect the monies incurred by GEOIL that Online refused 13to pay. Online contended that it did not have any obligation to pay GEOIL for the costs incurred; as such reimbursement was to occur only if the Hornot # 1 had been a dry well.
Online filed a Motion for Summary Judgment alleging that the agreement provided that Online would only be liable to GEOIL for the drilling and completion costs if the Hornot # 1 was a dry well. GEOIL filed a Cross Motion for Summary Judgment suggesting that the agreement provided that Online would be responsible for the costs incurred, except that the amount would be reduced by the revenues received. After a hearing on the two motions for summary judgment, the district court denied GEOIL’s Motion for Summary Judgment and granted Online’s Motion for Summary Judgment, dismissing GEOIL’s claims against Online. In its reasons for judgment, the district court stated that “[f|rom a plain reading of the contract between the parties, Online is obligated to pay $104,000 in costs more than it has already paid if and only if Hornot # 1 is a dry hole. Hornot # 1 was not a dry hole. Online has no obligation to pay more than it has already paid.”
In its appeal, GEOIL argues that the district court failed to properly interpret the letter agreement of August 20, 1999 consistent with the parties’ conduct and the rules of contractual interpretation.
*51 In accordance with La. C.C.P. Art. 966, summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If, as here, |4the mover "will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (LaApp. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31-258 (LaApp. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La. App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
La. C.C. article 2046 provides that “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent.” Further, La. C.C. article 2047 provides that words of a contract must be given their generally prevailing meaning. “Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract.” La. C.C. article 2048. “A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective.” La. C.C. article 2049. “Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La. C.C. article 2050. Unless the true intent of the parties cannot be ascertained by an |-analysis of the contract provisions because the terms are ambiguous, parol evidence is not admissible. White v. Rim-mer & Garrett, Inc., 340 So.2d 283 (La. 1976).
In the case at bar, the parties have two different interpretations of the paragraph concerning the payment of the drilling and completion costs associated with the Hor-not # 1. GEOIL argues that the second sentence of the paragraph requires Online to pay the costs minus the revenues received. Online contends that it would have been required to pay the costs only if the Hornot # 1 was a dry well. In support of its argument, GEOIL refers to the fact that Online executed a promissory note in the amount of $404,000 (the original $300,000 and the anticipated drilling costs of $104,000). The deposition testimony of J. Luis Banos, Jr., president of Online, revealed that he executed the promissory note in that amount only because GEOIL requested that he do so. GEOIL did not seek the additional $104,000 when it filed suit in early 2000 on the promissory note when the Hornot # 1 was still in production. This suggests that GEOIL considered that Online would be liable for the costs of the well if it did not meet payout.
Online, on the other hand, relies upon a strict, word-for-word, interpretation of the *52 agreement. However, the action of Mr. Banos in executing the promissory note for more than the original loan amount does not support such strict interpretation. His actions support GEOIL’s contention that the $104,000 was added to the original loan of $300,000, and that the reference to “loan amount” in the second sentence refers to the amount of $404,000. We find that the first sentence cannot be read in isolation and must be read together with the other sentences in the paragraph in conjunction with the entire agreement. The evidence presented indicates that there is a genuine issue of material fact in regard to the | «intent of the parties in the confection of the agreement. Thus, the district court erred in granting summary judgment in favor of Online and dismissing the claims of GEOIL.
For the reasons stated herein, we vacate the judgment granting Online’s Motion for Summary Judgment, and remand this case to the district court for a trial on the merits.

JUDGMENT VACATED; REMANDED.