J^MICHAEL E. KIRBY, Judge.
The relators, Dr. Jean Desse and General Meyer Avenue Family Clinic (“GMAFC”), seek review of a judgment granting a motion for partial summary judgment as to liability filed by plaintiff, Crescent City Physicians, Inc. (“CCP”).
*467 The instant case arises from a petition for damages and breach of contract filed on April 2, 2003, in Orleans Parish Civil District Court by CCP against the rela-tors. In its petition, CCP alleges that on December 12, 2000, relator Dr. Jean Desse, as sole shareholder, owner and operator of GMAFC, entered into two separate agreements with CCP. The first agreement was an Asset Purchase Agreement in which CCP agreed to purchase substantially all of GMAFC’s assets to facilitate CCP’s participation in managed care systems and programs. The second agreement was an Agreement for Services in which Dr. Desse agreed to deliver certain medical services on behalf of CCP to patients at GMAFC’s General Meyer Avenue location. CCP further alleges that in consideration of Dr. Desse’s services, he agreed to receive a salary in the amount of 45% of net receipts for each | ¡.calendar month during the term of the Agreement for Services. CCP contends that Dr. Desse was overpaid under the Agreement for Services in that he took payments that exceeded the actual amounts earned under the compensation formula in the Agreement for Services.
The Agreement for Services was for a term of two years ending on January 31, 2003, and automatically extended for an additional year unless either party elected not to renew the agreement for the additional year. On November 25, 2002, Dr. Desse elected not to renew the Agreement for Services. CCP contends that under the Asset Purchase Agreement, if Dr. Desse elected not to renew the Agreement for Services, the relator had to return the entire purchase price allocated for the intangible property in the Asset Purchase Agreement. The payment for the intangible property was due on the date Dr. Desse gave notice that the Agreement for Services would not be renewed. CCP filed its petition after Dr. Desse failed to remit the payment for the intangible property or return the alleged overpayments despite amicable demand.
On July 15, 2003, CCP filed its motion for partial summary judgment as to liability only. In support of its motion, CCP filed a memorandum, the Asset Purchase Agreement, the Agreement for Services, correspondence regarding these agreements, a bill of sale between GMAFC and CCP, responses to requests for admissions and a statement of uncontested facts. The relators filed an opposition to the plaintiffs’ motion, along with the affidavit of Dr. Desse.
On November 6, 2003, the trial court rendered its judgment granting CCP’s motion, finding relators liable to CCP for certain overpayments of compensation to Dr. Desse, for the purchase price allocated to intangible property in the Asset 1 ¡^Purchase Agreement plus interest, and costs, expenses and attorneys’ fees related to bringing this action.
In this writ application, the relators complain the trial court erred by enforcing agreements that violate 42 U.S.C. Sections 1320a-7b and 42 U.S.C. Section 1395nn of the Social Security Act, and the trial court erred by granting CCP’s motion for partial summary judgment as to liability even though there are unresolved factual issues in the case.
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover will not bear the burden of proof at trial, his bur *468 den on the motion does not require him to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La. App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31,258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de |4novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
42 U.S.C. § 1320a-7b(2) provides:
(2) whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person—
(A) to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, or
(B) to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, shall be guilty of a felony and upon conviction thereof, shall be fined not more than $25,000 or imprisoned for not more than five years, or both.
42 U.S.C. § 1395nn provides:
Except as provided in subsection (b) of this section, if a physician (or an immediate family member of such physician) has a financial relationship with an entity specified in paragraph (2), then—
(A) the physician may not make a referral to the entity for the furnishing of designated health services for which payment otherwise may be made under this subchapter, and
(B) the entity may not present or cause to be presented a claim under this sub-chapter or bill to any individual, third party payor, or other entity for designated health services furnished pursuant to a referral prohibited under subpara-graph (A).
The relators argue that after entering into the Asset Purchase Agreement and Agreement for Services, Dr. Desse was informed that he would not be provided with shared hospital and clinic coverage at either West Jefferson Hospital or Mea-dowcrest Hospital, and that he was to refer all of his patients, including ^patients covered by Medicare and Medicaid, to Touro Infirmary only. Relators contend that Touro Infirmary is the parent company of CCP. According to the relators, this type of referral arrangement is prohibited under the above-cited portions of the Social Security Act.
Relators argue that summary judgment was inappropriately granted because questions of fact remain as to whether the agreements and financial arrangements between the parties are valid and enforceable. Relators note that although the Social Security self-referral laws have limited exception for employers and employees, *469 questions of fact also remain as to the actual relationship between relators and CCP.
CCP responds to these arguments by stating that the above-cited portions of the Social Security Act do not come into play in this matter because the Agreement for Services did not require Dr. Desse to make referrals. A reading of the Agreement for Services establishes that CCP correctly states that the agreement does not require Dr. Desse to make referrals.
In his affidavit, Dr. Desse stated that after entering into the agreements with CCP, he was “required” to refer patients solely to Touro Infirmary. La. C.C. article 1848 states as follows:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
In this case, there is no evidence presented as to any subsequent oral agreement to modify the Agreement for Services to require referrals. Dr. Desse | (¡alleges that he was required to make referrals, but he has not alleged that he agreed to such an arrangement after the agreement was signed. In its responses to requests for admissions, CCP specifically denies requiring Dr. Desse to make referrals during the term of the agreement. Because there is no evidence of a subsequent oral agreement to modify the Agreement for Services, Dr. Desse’s statement in his affidavit does not properly raise a question of fact on the issue of referrals.
Furthermore, even if there had been a subsequent oral agreement to modify, it would not be binding. Section 16.2 of the Asset Purchase Agreement and Section 22 of the Agreement for Services both require that any amendments must be in writing and signed by the parties. (This finding pretermits a review of whether there is a genuine issue of material fact concerning whether Dr. Desse was an employee of CCP.)
Because the Agreement for Services did not require Dr. Desse to make referrals, the above-cited portions of the Social Security Act were not violated. The argument that the trial court erred by enforcing agreements that violate 42 U.S.C. § 1320a-7b and 42 U.S.C. § 1395nn is without merit.
The relators’ next argument that summary judgment was inappropriately granted because there are unresolved factual issues in this case is also without merit. Relators claim that certain disputed factual issues could be clarified through additional discovery. We conclude, after reviewing the information provided in the writ application and the response thereto, that no genuine issues of fact exist as to relators’ liability to CCP for sums owed pursuant to the Asset Purchase Agreement and the Agreement for Services, and that CCP is entitled to summary judgment.
|7For the reasons stated above, the trial court judgment granting CCP’s motion for summary judgment as to liability is affirmed.
AFFIRMED.