| Judge MICHAEL E. KIRBY.
Plaintiff, Action Financial Services, Inc., appeals the trial court judgment granting partial summary judgment in favor of defendants, Curtis J. Coney, Jr. and Robert G. Harvey, Jr., declaring that the continuing guarantee executed by defendants secured only loans made to Curtis Coney Law Service, and granting summary judgment in favor of defendant Harvey dismissing him from this lawsuit. We affirm.
Plaintiff filed suit against defendants on March 5, 1992, alleging that defendants were liable to plaintiff in the sum of $159,869.75 plus interest, costs and fees for unpaid loans extended to clients of defendants. According to the petition, the defendants guaranteed funds advanced by plaintiff to Coney Law Service up to $300,000.00 pursuant to continuing guarantees executed by defendants on October 11 and 12, 1982. In a supplemental and amending petition, plaintiff alleged that even though the loans were made in the names of the individual clients of Coney Law Service, it was the intent and practice of the parties that Mr. Coney and Mr. Harvey would guarantee these individual loans. This petition asked that the trial court reform the continuing guarantees to reflect the true intent of the contracting parties.
12Mr. Harvey and Mr. Coney both filed motions for summary judgment, arguing that under the clear and unambiguous wording of the continuing guarantees, they can only be held liable for sums loaned to Coney Law Service. In support of their motions, Mr. Harvey and Mr. Coney attached copies of the continuing guarantees, a copy of plaintiff’s original petition and letters to plaintiff from Mr. Coney requesting loans for clients. Furthermore, Mr. Harvey argues that he should be dismissed from this lawsuit because he did not sign any of the letters requesting loans from plaintiff.
Plaintiff also filed a motion for summary judgment, arguing that the loans to individuals advanced at the request of Coney Law Service are secured by the continuing guarantees, or alternatively, that the guar *757 antees should be reformed to represent the intent of the parties to secure the loans to Coney Law Service clients with the continuing guarantees. Plaintiff attached several exhibits to its opposition, including the deposition of its CEO John Onstott; the depositions of Mr. Coney and Mr. Harvey; the continuing guarantees; the affidavit of plaintiffs manager, Tina Lane; the deposition of Alice Crull, who occasionally closed loans for plaintiff and letters to plaintiff signed by Mr. Coney requesting loans for certain individuals.
Following a hearing on the motions for summary judgment, the trial court rendered judgment on June 24, 2002 denying plaintiffs motion for summary judgment, granting partial summary judgments in favor of Mr. Coney and Mr. Harvey against plaintiff declaring that the continuing guarantees secured only loans made to Coney Law Service and granting summary judgment in favor of Mr. Harvey against plaintiff, dismissing plaintiffs suit against that defendant. In reasons for judgment, the trial court stated that it found that the continuing | ..¡guarantees are clear and unambiguous, and do not guarantee debts of the clients of Coney Law Service as alleged by plaintiff. Plaintiff appeals.
Before addressing the merits of this appeal, we note that on March 4, 2004, this Court ordered plaintiff to show cause why this appeal should not be dismissed as not immediately appealable under La. C.C.P. article 1915 because there are parties whose liability has not yet been determined and the judgment was not properly designated by the trial court as a final judgment. Plaintiff responded with a memorandum, which pointed out that its petition was filed in 1992, and at that time, La. C.C.P. article 1915 did not require the trial court to certify an appeal as final in order to be immediately appealable, even when there are parties remaining whose liability has not yet been determined. We agree with plaintiff that the judgment in this matter is immediately appealable.
On appeal, plaintiff argues that the trial court erred in granting partial summary judgment in favor of defendants Coney and Harvey, declaring that the continuing guarantees executed by them secured only loans made to Curtis Coney Law Service, and in granting summary judgment in favor of defendant Harvey dismissing plaintiffs claims against him. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the 14claim. La. C.C.P. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31, 258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judg ment as a matter of law. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. *758 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
La. C.C. article 2046 states as follows:
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.
The continuing guarantee executed by Mr. Coney guarantees extensions of credit by plaintiff to “Curtis Coney’s Law Service,” and the continuing guarantee executed by Mr. Harvey guarantees extensions of credit by plaintiff to “Coney’s Law Service.” Neither guarantee contains any statement that the defendants also agreed to guarantee amounts loaned by plaintiff to clients of the Coney Law Service. The terms of the continuing guarantees are clear and unambiguous, and do not lead to absurd consequences. Therefore, no further interpretation may be made of the parties’ intent. The continuing guarantees only cover debts of the Coney Law Service, and do not extend to loans made by plaintiff to the clients of Coney Law Service. The trial court correctly granted partial summary judgment |5declaring that the continuing guarantees executed by defendants secured only loans made to Curtis Coney Law Service.
Plaintiff also argues that the trial court erred in granting summary judgment in favor of Mr. Harvey and dismissing plaintiffs suit against him. In support of his motion for summary judgment asking to be dismissed from this action, Mr. Harvey introduced letters written to plaintiff requesting that plaintiff extend a loan to certain individuals. Mr. Coney signed all of these letters. Plaintiff submitted one letter signed by Mr. Harvey requesting a loan to an individual, but that letter was not addressed to plaintiff. It was addressed to a separate entity called Magnolia Credit, Inc.
Plaintiff argues that there is a question of fact as to Mr. Harvey’s liability in this case because of the continuing guarantees and the letters requesting that loans be extended to certain individuals. As stated above, the continuing guarantees signed by Mr. Coney and Mr. Harvey clearly and unambiguously secured only loans made to the Coney Law Service, and Mr. Harvey did not sign any of the letters written to plaintiff requesting that loans be made to certain individuals. Thus, plaintiff has not offered any support for its claim that Mr. Harvey is personally liable for loans made by plaintiff to clients of the Coney Law Service. We find that summary judgment was appropriately granted in favor of Mr. Harvey, dismissing him from this lawsuit. Furthermore, we find that the trial court complied with the time limits set forth in La. C.C.P. article 966(D), and plaintiffs argument to the contrary is without merit.
|fiFor the reasons stated above, we affirm the trial court judgment. We deny plaintiffs motion to strike Mr. Coney’s brief, but we note that the plaintiffs action against Mr. Coney is still viable.
AFFIRMED.