991 So.2d 571 (2008)
Hernando GONZALES, III and Carol GONZALES on Behalf of their Minor Daughter, Mia Gonzales
v.
Tammy Richardson SMITH, Marvin L. Ambeau, Allstate Insurance Company, St. Paul Insurance Company and Bisso Tow Boat Inc.
No. 2007-CA-1000.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 2008.
*572 Frank C. Dudenhefer, Jr., Paul D. Walther, Cummings, Cummings & Dudenhefer, New Orleans, LA, for Plaintiffs/Appellants.
James J. Kokemor, Waller & Associates, Metairie, LA, for Marvin L. Ambeau, Bisso Two Boat, Inc. and St. Paul Fire and Marine Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
Plaintiffs, Hernando Gonzales, III and Carol Gonzales, on behalf of their minor daughter, Mia Gonzales, appeal the trial court judgment granting summary judgment in favor of defendants, Marvin L. Ambeau, Bisso Tow Boat, Inc. and St. Paul Fire and Marine Insurance Company. We reverse and remand for reasons that follow.
This case arises from an accident involving three motor vehicles on South Claiborne Avenue in New Orleans on December 9, 2002. The lead vehicle, owned and operated by Carol Gonzales and occupied by her minor daughter, Mia Gonzales, was stopped at a traffic light on South Claiborne Avenue near its intersection with Fourth Street. The second vehicle, which immediately followed the Gonzales vehicle, was operated by Marvin Ambeau, who was acting in the course and scope of his employment with Bisso Tow Boat, Inc. ("Bisso") at the time of the accident. The vehicle operated by Mr. Ambeau was insured by St. Paul Fire and Marine Insurance Company ("St. Paul"). The third vehicle, which immediately followed the Ambeau/Bisso vehicle, was operated by Tammy Richardson Smith and insured by Allstate Insurance Company ("Allstate").
Plaintiffs filed suit against Mr. Ambeau, Bisso, St. Paul, Ms. Smith and Allstate as a result of the accident. Subsequently, plaintiffs settled their claims against defendants Ms. Smith and Allstate, and those defendants were dismissed from this suit. In plaintiffs' petition, they alleged that while the Gonzales vehicle was stopped at the light, Mr. Ambeau and Ms. Smith failed to stop their vehicles and struck the rear of plaintiffs' vehicle, causing injuries to their minor child.
Defendants Mr. Ambeau, Bisso and St. Paul filed a motion for summary judgment *573 against plaintiffs. In support of their motion, defendants filed a memorandum, and the depositions of Mia Gonzales, Carol Gonzales, Tammy Richardson Smith and Marvin Ambeau. In opposition to the motion for summary judgment, the plaintiffs filed a memorandum, the accident report and the same depositions offered by defendants.
The trial court granted summary judgment in favor of Mr. Ambeau, Bisso and St. Paul, and against plaintiffs. In reasons for judgment, the trial court noted that Ms. Smith's vehicle struck Mr. Ambeau's vehicle, which in turn struck Mrs. Gonzales' vehicle. Mr. Ambeau was cited by the police for following too closely. With regard to defendants' argument that Mr. Ambeau is not responsible for the accident, the trial court noted that the defendants' position is that all of the vehicles were stopped at the red light, and when the Gonzales vehicle started to move, Mr. Ambeau took his foot off of the brake and was then bumped from behind by Ms. Smith's vehicle and pushed into the Gonzales vehicle in front of him. The trial court further notes that plaintiffs argue that summary judgment is inappropriate because of the fact that Mr. Ambeau was cited by the police for following too closely, and because of plaintiffs' contention that there were two distinct impacts in the this accident, instead of just one. Plaintiffs assert that Mr. Ambeau's vehicle was at a complete stop at the time he was hit from behind by Ms. Smith's vehicle.
On the issue of how this accident occurred, the trial court noted that Mia Gonzales stated in her deposition that she felt only one impact and could not remember a second impact. Carol Gonzales stated in her deposition that she felt only one impact, and did not know how the accident occurred. Ms. Smith stated in her deposition that she could not say if or when Mr. Ambeau struck the plaintiffs' vehicle. Mr. Ambeau stated in his deposition that he took his foot off of the brake, and that is when he was bumped from behind and pushed into the vehicle in front of him.
The trial court found that defendants carried their burden of showing that there were no genuine issues of fact in dispute, and plaintiffs did not produce evidence sufficient to shift the burden of proof back to the defendants. Specifically, the trial court found that plaintiffs failed to submit any evidence to show that Mr. Ambeau's vehicle was in fact at a complete stop at the time that he was hit from behind by Ms. Smith's vehicle. For those reasons, the trial court granted summary judgment in favor of Mr. Ambeau, Bisso and St. Paul.
On appeal, plaintiffs contend that the trial court erred in granting summary judgment in favor of defendants, arguing that genuine issues of material fact remain including the number of impacts and whether or not Mr. Ambeau's vehicle was at a complete stop when he was struck by Ms. Smith's vehicle. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 *574 (La.App. 4 Cir. 3/31/99), 731 So.2d 983.
After the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31,258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.
Mr. Ambeau's deposition testimony included the following statement:
I'm just rolling down the street and the traffic stopped abruptly. I don't know if it was the light or whatever stopped it, so I stopped. And when I stopped, we were sitting there waiting for the light to change, and just when the traffic started to move, just as I took my feet off the brakes, that's when I got bumped, boom (indicating).
He said the car "moved some" when he took he foot off of the brake. He also stated that he does not think he made a sudden stop. When asked if he then hit the car in front of him, Mr. Ambeau responded, "Well, like I say, a bump, yeah (indicating). Just a slight bump." Mr. Ambeau admitted that he was cited by police for following too closely.
The deposition testimony of Mia and Carol Gonzales does not include any evidence to show whether Mr. Ambeau's vehicle was moving or at a complete stop when he was struck from behind by Ms. Smith's vehicle. Carol Gonzales stated that she felt only one impact. When asked how the accident occurred, Mrs. Gonzales stated, "I don't know what happened for sure." Mia Gonzales first stated that she felt only one impact, and then stated, "I don't remember if there was a second hit."
Ms. Smith stated in her deposition testimony that she was cited by the police for following too closely. In describing how the accident occurred, Ms. Smith stated:
From what I can remember, traffic was stopped a blockthe light was red. We were about a block away from the light and then traffic started moving. It was moving slowly. And the truck in front of me stopped abruptly causing me to have to bump into the back of him.
Ms. Smith further stated that the truck in front of her made a sudden stop, and that she "tried to hit brakes to stop, but it was too late because I wasn't expecting him to stop and I ran into the back of him." When asked about the number of collisions, she said she could not see what was going on in front of Mr. Ambeau's truck because her vehicle was behind Mr. Ambeau's truck, and that all she can remember is that Mr. Ambeau stopped abruptly and she bumped into the back of his truck. Ms. Smith was also asked if her striking Mr. Ambeau's vehicle caused him to strike the vehicle in front of him. Her response was, "No, that didn't happen."
After reviewing the documentation presented in support of and in opposition to the motion for summary judgment, we conclude that the trial court erred in granting summary judgment in defendants' favor. The deposition testimony presents conflicting evidence on the issues of whether Mr. Ambeau's vehicle was pushed into the Gonzales vehicle because of being struck from behind by Ms. Smith's vehicle or whether this accident involved two separate impacts, *575 and if so, the sequence of those impacts. Therefore, genuine issues of material fact remain as to the question of whether or not Mr. Ambeau, Bisso and St. Paul are liable for injuries suffered by Mia Gonzales in the accident.
For the reasons stated above, we reverse the trial court judgment granting summary judgment in favor of defendants Mr. Ambeau, Bisso and St. Paul. We remand this matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BELSOME, J., dissents with reasons.
GORBATY, J., dissents.
BELSOME, J., dissents with reasons.
I respectfully dissent from the majority opinion. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
The fact that is material in the instant case is whether the vehicle driven by Marvin Ambeau rear ended the Gonzales vehicle prior to being struck by the Smith vehicle or whether the Ambeau vehicle was pushed into the Gonzales vehicle. Mr. Ambeau moved for summary judgment based on his assertion that he was pushed into the Gonzales vehicle by the Smith vehicle.
The record provides no evidence to contradict Mr. Ambeau's claim that his vehicle was pushed into the Gonzales vehicle. Carol Gonzales stated that she felt only one impact. Mia Gonzales also testified that she felt one impact and later stated, "I don't remember if there was a second hit." Given the facts and evidence in this case, I cannot find that the trial court erred in granting the motion for summary judgment. Accordingly, I would affirm the trial court's ruling in favor of Marvin L. Ambeau, Bisso Tow Boat, Inc. and St. Paul Fire and Marine Insurance Company.
GORBATY, J., dissents.
I dissent for the reasons assigned by J. Belsome.